UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GABINO GENAO,

                        Plaintiff,

        – against –

CITY OF NEW YORK, CAPTAIN OMAR SMITH, CAPTAIN MAKEDA ANDERSON, WARDEN JENE RENE, ADJUDICATION CAPTAIN PHILLIPS, WARDEN SHARLISA WALKER, C.O. ANDREW SMART-CHARLES, CHIEF KENNETH STUKES,

                        Defendants.

**ORDER**

20 Civ. 8721 (ER)

---

Ramos, D.J.:

      On January 27, 2022, *pro se* plaintiff Gabino Genao ("Plaintiff") filed a letter seeking that the Court request *pro bono* counsel to represent him in this action, based on the factual complexity of the case and the fact that he has limited access to legal materials. Doc. 69.

      Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). The factors to be considered in

ruling on an indigent litigant's request for counsel include the merits of the case and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62). Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

At this stage in the proceedings, the Court is unable to conclude that Plaintiff's claims are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.

The Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff.

It is SO ORDERED.

Dated: January 28, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.