# MEMO ENDORSED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

> Plaintiff's motion to compel discovery is DENIED. The Clerk of Court is respectfully directed to terminate Docs. 102 and 104 from the Docket and to mail a copy of this Order to Plaintiff. It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: December 15, 2022
> New York, New York

---------------------------------------------------------------

GABINO GENAO,

Plaintiff

– against –

CITY OF NEW YORK, PHILLIPS, GLOVER, ET.

Defendant

---------------------------------------------------------------

1: 2020-CV-08721

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The plaintiff moves pursuant to Rule 34(b) and 37(a), Fed.R.Civ.P., for an order compelling the defendants to produce for inspection and copying the documents requested on August 26, 2022.

December 6, 2022

Gabino Genao
135 State St.
PO Box 618
Auburn, NY 13024-9000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

GABINO GENAO,

Plaintiff

– against –                                                                                       1: 2020-CV-08721

CITY OF NEW YORK, PHILLIPS, GLOVER, ET.

Defendant

------------------------------------------------------------

**DECLARATION IN SUPPORT OF MOTION TO COMPEL**

GABINO GENAO declares under penalty of perjury:

1. I am the plaintiff in this case. I make this affidavit in support of my motion to compel discovery.

2. On August 26,2022, I served on the defendants' counsel a request for production of documents, which is attached to this affidavit as *Exhibit 1*.

3. Defendants did not respond to this request within the 30 days allowed, nor did they request an extension of time from this court or agreement from the Plaintiff to an extension of time.

4. On October 10,2022 , I spoke to the defendants' counsel pointing out that their responses were a month late and requesting that they respond immediately.  A copy of my email is attached as *Exhibit 2*.

5. Defense counsel acknowledges this delay on October 13,2022 stating that she would respond to my document request by filing objections to the production to any material sought.

6. Defendants' objections on the ground that the discovery sought is irrelevant, burdensome, vague, ambiguous, over broad and privileged have no merit and are frivolous at minimum, are fully relevant as set forth in the brief accompanying this motion.

December 6, 2022

Gabino Genao
135 State St.
PO Box 618
Auburn, NY 13024-9000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

GABINO GENAO,

Plaintiff

– against –                                                                                   1: 2020-CV-08721

CITY OF NEW YORK, PHILLIPS, GLOVER, ET.

Defendant

---

**BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

*Statement of the Case*

This is a § 1983 action filed by Gabino Genao held at Attica Correctional Facility seeking injunctive, consequential, punitive, future and compensatory damages based on denial of procedural due process violations and excessive confinement, violation of Sandin order, deliberate indifference to mental health (suicidal) and atypical significant hardship.

*Statement of facts*

On August 26,2022 I plaintiff, served a request for production of documents pursuant to rule 33.2,34 Fed.R.Civ.P as set forth in my declaration, the defendants failed to respond within 30 days, and did not make any effort to obtain an extension from the court or by contacting the plaintiff. After 2 months, the plaintiff requested a response. After several more weeks, the defendant served a response to which they objected to my entire request.

*Argument*

Defendants' objections state that the documents requested by the plaintiff are irrelevant to the action. Their argument is frivolous. Rule 26(b)(1), Fed.R.Civ.P., permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Each item sought by the plaintiff is relevant to the claims and defenses in the case, as explained below

1. Describe all policies (in effect on January 3,2019) transferring inmates to punitive segregation for assault on staff. Defendants wrongly objected to this request stating that it was not relevant to any claim or defense in this case. On the contrary this request is very relevant due to the fact that one of my claims is that I was transferred to punitive segregation almost 3 weeks after the alleged incident as per my understanding all assault on staff inmates should be transferred with 72 hours. For these reasons this request is relevant.

2. Directive for amending an infraction (in effect January 3,2019) defendants wrongly object on grounds that document sought is not relevant to any claims or defense on this case. This request is highly relevant due to the fact that defendants did not amend infraction correctly, for this reason this request is relevant.

3. Directive for transferring inmates to punitive segregation for assault on staff (in effect on January 3, 2019). Defendants wrongly objected to this request stating that it was not relevant to any claim or defense in this case. On the contrary this request is very relevant due to the fact that one of my claims is that I was transferred to punitive segregation almost 3 weeks after the alleged incident as per my understanding all assault on staff inmates should be transferred with 72 hours. For these reasons this request is relevant.

4. Interdepartmental email pertaining to my transfer from North Infirmary Command to G.R.V.C housing unit 13B punitive segregation on January 3,2019. Defendants wrongly object on grounds that documents sought are not relevant to any claim or defense on this case. Defendants further object to the extent that documents are confidential in nature or otherwise subject to other applicable privileges. This is highly relevant and is not confidential documentation. Pursuant to local rule 33.2 I should be granted any and all interdepartmental emails pertaining to my transfer which further would demonstrate abuse of authority by department specifically defendant Glover/Stukes.

5. Directive for the authorization of a pre hearing detention transfer to punitive segregation (in effect on January 3,2019). Defendants wrongly object on grounds that information sought is not irrelevant to any claim or defense on this case. This request is highly relevant in this case and to my claim that I was transferred to punitive segregation by OSIU Chief Glover who authorized a "PHD" (pre hearing detention) on January 3,2019.

6. Describe policy and procedure for when an inmate is suicidal in punitive segregation (in effect January 3,2019). Defendants wrongly object on grounds that information sought is not relevant to any claim or defense on this case. This request is highly relevant due to that fact that I suffer from mental health (bi polar, anxiety, depression, PTSD) and during a mental health crisis in punitive segregation I attempted suicide. This alone should have prohibited me from going to enhanced restraint housing. Which I was placed there unconstitutionally.

First, the plaintiff does not seek "personnel records" in any general way. He seeks documents pertaining to particular kinds of complaints and allegations about these defendants, whether or not they are part of "personnel records". He does not seek other matters that may be in the personnel records, such as medical data or information about their records of lateness, leaves, vacations, etc.
Second, the kind of information sought is highly relevant. The plaintiff has alleged that repeated complaints about mistreatment of inmates have been made about all seven defendants, and that nothing has been done about them. Evidence to that effect would be highly relevant to the claim of supervisory liability against defendants McCarthy, Cohall and Harvey of Manhattan Detention Center.

See Beck v. City of Pittsburgh, 89 F.3d 966, 973-74 (3d Cir. 1996) (citing Parrish v. Luckie, 963 F.2d 201, 205-06 (8th Cir. 1992)); Foley v. City of Lowell, Mass., 948 F.2d 10, 14-16 (1st Cir. 1991).

This evidence may also support the claim against the officers themselves. Rule 404(b), Fed.R.Evid., provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge identity, or absence of mistake or accident." Evidence of prior incidents of abuse by prison or law enforcement personnel has been admitted by several courts as relevant to "motive, opportunity, intent, preparation, plan, knowledge identity to absence of mistake or accident." See Barnes v. City of Cincinnati, 401 F.3d 729, 741-42 (6th Cir, 2005) ("intent" to discriminate); Heno v. Sprint/United Mgmt. Co., 208F.3d 847,856 (10th Cir. 2000) (anecdotal evidence of discrimination admissible if incident can be tied to plaintiff's circumstances through, for example, common supervisors and same time frame);Hynes v. Coughlin, 79 F.3d 285, 290-01 (2d Cir. 1996); Gutierrez-Rodriguez v. Cartagena, 882 F.3d 553, 572 (1st Cir. 1989) (evidence of 13 prior incidents of misbehavior by officer admissible against supervisor to show knowledge). For these reasons the material sought is relevant and should be produced.

### ***CONCLUSION***

For the foregoing reasons, the court should grant plaintiff's motion to compel discovery.

December 6, 2022

Gabino Genao
135 State St.
PO Box 618
Auburn, NY 13024-9000